UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
FRANK TUFANO,
                         Plaintiff,

v.                                              **ORDER OF DISMISSAL**

AMERICAN ARBITRATION
ASSOCIATION; JEFFREY DAVIS; ADAM       23 CV 244 (VB)
STAROWICZ; and SARAH THOMPSON,
                         Defendants.
--------------------------------------------------------------x

       Plaintiff Frank Tufano, proceeding pro se, commenced this action on January 11, 2023, by filing a complaint. (Doc. #1). Plaintiff filed an amended complaint on January 13, 2023. (Doc. #3).

       On January 18, 2023, the Court issued an Order to Show Cause, which directed plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. (Doc. #4). The Order summarized the factual allegations set forth in the amended complaint. Further, the Order stated: "The allegations in the amended complaint appear to only suggest state law claims . . . . Plaintiff does not, however, provide facts showing that diversity of citizenship jurisdiction exists. Plaintiff asserts that he is a citizen of New York, but he does not allege the citizenship of Defendants." (Id. at 5). Plaintiff also did not allege the amount in controversy. However, in light of plaintiff's pro se status, the Court granted him leave to demonstrate subject matter jurisdiction. The Court also attached a flyer from the New York Legal Assistance Group ("NYLAG"), and informed plaintiff that NYLAG provides legal advice to self-represented litigants and that plaintiff might wish to contact NYLAG for assistance.

       Plaintiff filed a response on January 30, 2023. (Doc. #5). Plaintiff's response states:

> Under the FAA the Federal district court has inherent powers to interpret the statute and rule to uphold its mandate to ensure the integrity of the arbitration proceedings. . . . Only district courts have the prerogative to review Federal legislation. Accordingly, I filed this lawsuit in the district court pursuant to the provisions of the FAA.

1

(Id. at 3).

However, as the Court stated in its January 18 Order, the Federal Arbitration Act ("FAA") does not independently grant subject matter jurisdiction to a federal district court. See, e.g., Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32 (1983). "A federal court may entertain an action brought under the FAA only if the action has an 'independent jurisdictional basis.'" Badgerow v. Walters, 142 S. Ct. 1310, 1316 (2022). Thus, "an applicant seeking, for example, to vacate an arbitral award under Section 10 [of the FAA] must identify a grant of jurisdiction, apart from Section 10 itself, conferring 'access to a federal forum.'" Id. (citation omitted). If the applicant shows that the matter falls under the Court's federal question or diversity jurisdiction, as set forth generally in 28 U.S.C. §§ 1331 and 1332, then a federal district court may consider a motion under the FAA. See id.

Plaintiff has failed to demonstrate that this Court has subject matter jurisdiction in this case. The Court instructed plaintiff that a litigant "may establish a federal district court's diversity jurisdiction by showing that he and his opponents are citizens of different states and, to a 'reasonable probability,' the amount in controversy is in excess of the sum or value of $75,000." (Doc. #4, at 4). In his response, plaintiff does not state the citizenship of defendants or the amount in controversy.

Moreover, even liberally construing plaintiff's allegations, as required because of plaintiff's pro se status, see Harris v. Mills, 572 F. 3d 66, 72 (2d Cir. 2009), the Court does not have any basis for subject matter jurisdiction over plaintiff's claims. Federal courts are courts of limited jurisdiction. See United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994) ("'[I]t is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any

stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'"). Further, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Because this Court lacks subject matter jurisdiction to entertain this action, it must be dismissed. Accordingly, pursuant to Fed. R. Civ. P. 12(h)(3), this case is dismissed without costs, and without prejudice to plaintiff's right to bring an action in state court, if appropriate.

The Clerk is instructed to close the case.

Dated: January 31, 2023
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge